## TURNER *versus* NORRIS.

Although the unlawful excess of fees, charged by an officer for serving the writ of a prior attaching creditor, has absorbed the debtor's property to the injury of a subsequent attaching creditor, such subsequent attaching creditor can maintain no action against the officer for the injury.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

CASE, against an officer for official misconduct.

This action was submitted at a former term, to the determination of a referee, who made a report in the alternative. The report being presented, the presiding Judge ordered the same to be accepted in favor of the plaintiff. To that order the defendant excepted.

The referee reported as follows : —

The claim made upon the defendant, was that he had taxed and appropriated to himself, as fees and expenses, an unreasonable and unlawful sum, out of the proceeds of the sale of certain property of Hall & Turner, which, as a deputy sheriff, he had attached first upon a writ in favor of one Williams, and afterwards upon other writs in favor of other plaintiffs, and finally upon a writ in favor of this plaintiff, claiming the same as his costs, arising in the care and disposition of said property, and his services and expenses therein, taxed upon the writ of the said Williams, by reason of which the plaintiff alleged he had failed to obtain satisfaction of his execution against said Hall & Turner. It was admitted *that* the plaintiff recovered judgment against Hall & Turner, and obtained execution against them, which was seasonably put into the hands of the defendant, as a deputy sheriff; *that* the plaintiff did not obtain enough out of the attached property to satisfy his execution ; *that,* but for the sum charged by the defendant as aforesaid, the plaintiff would have received a greater sum on his execution, than he did receive ; *that* said Williams was the first attaching creditor ; *that* the defendant charged the sum of $344,64, as costs and expenses arising out of his official services and charges in relation to said property ; *that* that *sum was taxed in the bill of costs,* and allowed in the suit of said Williams, in which suit said Williams had judgment and execution ; *that* Williams' execution included the said sum of $344,64, which execution was put into the hands of the defendant, as deputy sheriff, and was by him collected and satisfied out of the property attached as aforesaid ; *that* the defendant retained and appropriated to himself the said sum of $344,64, as being due and belonging to himself on the account aforesaid ; —*that* the

plaintiff claimed to recover of the defendant in this action the amount which he alleged to be the excess over and above what the defendant was by law or equity entitled to receive for the several items included in and covered by the sum of $344,64, taxed in the suit of said Williams as aforesaid; — that the defendant contended that the plaintiff could not by law recover in this action, because the allowance and taxation of said sum of $344,64, in the suit of said Williams and judgment and execution thereon, was conclusive upon the question of the right to make said charges and retain them by him, the defendant.

The referee thereupon awarded that the plaintiff recover the sum of one hundred and twenty dollars as debt or damage, by reason of overcharges, included in the sum of $344,64, with cost.   But if the Court should be of opinion that this action cannot by law be maintained, then he awarded that the defendant recover costs.

*Paine,* for the defendant.

*Lancaster,* for the plaintiff.

There was official misconduct in the defendant.   He took an excess of fees, as the award shows, to the amount of $120.   The absorbing of that sum in the Williams execution took an equal amount from the property, out of which our execution would have been, and ought to have been satisfied. There was error in that judgment by reason of its including that excess of officer's fees.   And that error we are now at liberty to show, for we had no right, in that suit, to resist the officer's charges.   *Hunnewell* v. *Twombly,* 2 Greenl. 218. It is apparent that we have suffered injury from the defendant's misconduct.   If not entitled to recover in this suit, there is at least one wrong without a legal remedy.

HATHAWAY, J. — Williams was the first, and the plaintiff a subsequent attaching creditor in suits against Hall & al.   The defendant was the officer who served the writs and made the attachments, and into whose hands the executions, which

were issued upon the judgments recovered, were seasonably placed for collection.

The execution of Williams was satisfied out of the property attached.

The plaintiff's execution was returned unsatisfied in part, by reason of a deficiency of the property attached, which deficiency, the plaintiff alleges, was occasioned by the reason of defendant's making unlawful and unreasonable charges for his fees and expenses, for the service of the writ of Williams, which fees and expenses were taxed in the bill of costs, recovered by said Williams, and allowed, and included in his judgment.

The exceptions present the single question whether or not this action can by law be maintained, and we think it cannot.

The law makes abundant provision for the protection of the rights of subsequent attaching creditors. They may " petition the Court, in which such prior suits *are pending*, for leave to come in and defend against them in like manner as the party therein sued could or might have done." R. S. c. 115, § 113. A suit is *pending* until final judgment rendered therein. The subsequent attaching creditor has the same right to resist the recovery of unlawful costs, as of an illegal claim of debt. The charges of an officer for his fees, &c., which are taxed and allowed as in this case, appear by his return upon the writ. The plaintiff had the opportunity and the right to become a party to that suit by availing himself of the provisions of the R. S. c. 115, § 113, 114, 115 and 116. He did not, it seems, deem it advisable to pursue that course, and the judgment in favor of Williams, so long as it remains unreversed, is conclusive of its own correctness, as far as the plaintiff in this suit is concerned.

The exceptions are sustained, and judgment to be entered for the *defendant*, according to the alternative report of the referee.

SHEPLEY, C. J., and WELLS and HOWARD, J. J., concurred.